UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT
DAVENPORT DIVISION

RECEIVED
AUG 09 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Chad Michael Vice, | Cause No.: _____ |
| Plaintiff, | |
| | Declaratory |
| vs. | Judgment |
| | |
| IOWA, | Adjudication |
| DES MOINES COUNTY, | of Rights |
| CITY OF BURLINGTON, | |
| OFFICER JACOB JENKINS, | For Filing of: |
| JOHN DOES, ET AL., | 42 U.S.C. §1983 via |
| | 28 U.S.C. §2201 |
| Defendants. | |

Comes now, the undersigned, in propria persona, in Declaratory Judgment for the adjudication of his rights in filing Complaint(s) under 42 U.S.C. §1983 and State law claims of Common-law negligence and petition for equitable tolling [t]herein, and states:

1. That the undersigned is an Incarcerated Individual (I/I) restrained under the

-1-

supervision of the Iowa Dep't of Corr.'s (I.D.O.C.), residing at: Iowa State Penitentiary; P.O. Box 316; Fort Madison, Iowa 52627.

2. That for years the undersigned has with due diligence attempted to [gain] a complete working copy and/or original file of Cause No. SRIN025439/Burlington Police Dep't Case No. 18-39480; as hereto:

   a. That the undersigned has filed a motion for Order of Mandamus - Cause No. CVEQ014143, after making several informal attempts; as hereto:

   b. That on January 25th, 2022, Counselman Curtis Dial delivered this file to the undersigned; as hereto:

   c. That this file contains common-law negligence of Officer Jacob Jenkins in his deliberate and indifferent act of illegally seizing (false-arrest) the undersigned for a (legal) knife [5"]. Surprenant -vs- Rivas, 424 F.3d 5, 14-15 (1st Cir. 2005), whereby, the undersigned was falsely seized and detained; as Officer Jacob Jenkins mistakenly believed the undersigned was in possession of narcotics and used this

-2-

illicit seizure to strip-search the undersigned. Way -vs- County of Ventura, 445 F.3d 1157, 1161-62 (9th Cir. 2006); as hereto:

d. that the undersigned was subjected to unsanitary flooring and exposure to human waste during his unlawful restraint at the Des Moines County Jail. DeSpain -vs- Uphoff, 264 F.3d 965, 974 (10th Cir. 2001); See also McCray -vs- Burrell, 516 F.2d 357, 365-69 (4th Cir. 1975) (strip cell conditions with hole in the floor rather than toilet violates 8th Amend.)

3. That "equitable tolling" should be applied herein. White -vs- Cooper, 55 F. Supp. 2d 848, 856-57 (N.D. Ill. 1999) ("does not depend on the fault of any particular defendant, but rather on a plaintiffs inability, despite due diligence, to obtain information vital to bringing a claim"); Holland -vs- Florida, 560 U.S. 631, 651-52, 130 S. Ct. 2549, 2563-64, 177 L. Ed. 2d 130 (2010) (behaviors such as an attorneys failure to turn over client files ... may permit equitable tolling); as hereto:

-3-

a. That file(s): Cause No. SRIN025439/Burlington P.D. Case No. 18-39480; contain vital information in bringing a claim; as hereto:

b. That despite due diligence on the part of the undersigned he was unable to obtain the aforementioned file(s) until January 25th, 2022; as hereto:

c. That the undersigned asserts & formally requests of this Court to adjudicate his rights in filing any subsequent complaints in accruing from January 25th, 2022 and/or when a violation or deprivation of his rights become known from such files and thus accrued on said date as becomes apparent by connection therein.

Wherefore, the undersigned, requests of this Honorable Court to consider the foregoing facts and embody these facts in a Declaration of his rights by allowing equitable tolling in accruing time-limit(s) of January 25th, 2022, and adjudicating subject matter jurisdiction herein and under 42 U.S.C. §1983.

-4-

"I, the undersigned, declare under the penalty of perjury by the laws of the State of Iowa and pursuant to 28 U.S.C. § 1746, that the information contained herein to be true & correct."

Respectfully submitted.

_____
Chad Michael Vice #1065118
Iowa State Penitentiary
P.O. Box 316
Ft. Madison, IA 52627


Aug. 2nd, 2022
_____
    Date

Dear Court,

I've attempted to adjudicate the "equitable tolling" issue in the Des Moines County Courthouse. This was in April of this year. They seem to have ignored my filings.

I pray something will be done in this court, I may need to file an injunction soon, as this prison I've recently transferred to may destroy the Disc's I've tried so hard to obtain.

Thank you...

Cordially

C V

Chad M. Vic[...]

**IOWA STATE PENITENTIARY**
P.O. Box 316
FT. MADISON, IA 52627

NOTICE: This correspondence was mailed from an Institution operated by the Iowa Department of Corrections. The contents are uncensored.



U.S. Dist. Courthouse
Clerk of Court
131 E. 4th St.
Davenport, IA 52801

LEGAL   LEGAL

c/o Naean Burrell
8/4/22                 1 of 2
                       _____
                       enclosed
                       _____

Declaratory Judgment
Letter to Court